HARVEY R. BROWN et al.

*v.*

JAMES M. STEWART et al.

*Filed at Springfield January 17, 1896.*

APPEALS AND ERRORS—*what errors in findings of fact will reverse in chancery.* In a chancery trial, where the evidence is conflicting and witnesses are heard in open court, error in findings of fact must be clear and palpable to authorize a reversal on appeal.

APPEAL from the Circuit Court of Fulton county; the Hon. JEFFERSON ORR, Judge, presiding.

Appellants filed a bill to set aside a deed made by their father in his life, of date February 10, 1894, conveying to two of appellees 680 acres of land in Fulton county, and prayed for partition, assignment of dower and homestead. The bill alleges the deed was without consideration, and at the time it was made the grantor was incapable of transacting the business of executing a deed, and did not comprehend the nature and character of his act or know the contents of the deed.

On January 6, 1894, the firm of Turner, Phelps & Co., bankers, constituted a partnership, the deceased grantor,

Jacob Brown, being one of the members. The banking firm made an assignment for the benefit of creditors. This grantor, Jacob Brown, and one Wilcoxen, also one of the partners, owned real estate in their individual right. Meetings of creditors were held, and they (the creditors) insisted that Jacob Brown and Wilcoxen make individual assignments or "turn all their property over for the benefit of their creditors." Thomas Brown was acting for his father, who was not well and unable to leave his farm. Offers made by Brown and Wilcoxen failing to be accepted, various suits were begun and some twelve attachments levied on the lands of Jacob Brown. The creditors were pressing for all his property not exempt by law. On February 10 Brown and Wilcoxen made quit-claim deeds to appellees for all their lands, and afterwards made powers of attorney to confess judgment in favor of all the creditors of Turner, Phelps & Co. before the next term of the circuit court, and deposited such deeds and powers of attorney with Judge Barnett, with directions that if the deeds were not accepted by the creditors within a certain time, then they were to be returned and the powers of attorney delivered and acted upon. The deeds reserved all legal exemptions and possession until January 1, 1895,—the wives not joining,—and were accepted, filed and recorded, and no question was raised about Jacob Brown's capacity to understand business, or that the best thing, under the circumstances, had not been done, until long after his death, which occurred in July, 1894. Appellants resided with their father, assisted in making leases of the land to expire January 1, 1895, and after his death made different propositions to purchase from appellees the land conveyed by him, and in November following, upon the rejection of the last offer, began for the first time to raise the question of his mental capacity, and threaten "to set the deed aside." At the December term, 1894, on bill filed by appellees, the dower and homestead of the widow of Jacob Brown,

by decree rendered by consent, were set off and assigned to her. Failing to force a sale to themselves at a grossly inadequate price, appellants, on January 3, 1895, filed the bill of complaint in this cause to set aside the deed of their father. The hearing was in open court, upon oral proofs, mainly, some evidence offered by each side being heard "subject to objection." On hearing, a decree was entered dismissing the bill. Complainants bring this appeal.

CONKLING & GROUT, and H. W. MASTERS, for appellants.

JOHN A. GRAY, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Under the evidence there is no equity with appellants. The conveyance sought to be set aside was the transfer of property to pay debts for which the grantor was liable. Process of law would have effected a transfer from the grantor, by which he and the appellants would have lost the land. The evidence as to the mental capacity of the grantor at the time of the execution of the deed was taken before the court as oral evidence, and is conflicting, but we are of opinion it preponderates to sustain this decree. The rule is, in chancery cases, where the evidence is conflicting and witnesses are heard in open court, the same necessity exists as when there has been a trial by jury that the error in the findings of fact shall be clear and palpable to authorize a reversal. *Coari* v. *Olsen*, 91 Ill. 273; *Johnson* v. *Johnson*, 125 id. 510; *Rackley* v. *Rackley*, 151 id. 332.

The decree is affirmed.          *Decree affirmed.*